UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

COREY D. JOHNSON,
    Plaintiff,

v.

RHODE ISLAND ATTORNEY
GENERAL PETER NERONHA;
DETECTIVE KOREN GARCIA;
OFFICER JOHN DOE; and
PROVIDENCE POLICE
DEPARTMENT,
    Defendants.

C.A. No. 22-CV-420-JJM-PAS

**ORDER**

The Defendant Providence Police Department (the City of Providence) ("City")[1] moves to dismiss all counts against it in the Plaintiff's Complaint (Counts 1-4). ECF No. 10. The City argues that the first three Counts of the Plaintiff's Complaint should be dismissed because municipalities cannot be found vicariously liable under 42 U.S.C. § 1983, and that the fourth Count should be dismissed because the Plaintiff has not plausibly alleged a *Monell v. City of New York Dep't of Soc. Services*, 436 U.S. 658 (1978) claim.

---

[1] The City correctly points out that the "Providence Police Department" as an entity is not an appropriately named defendant—rather the defendant should be the City of Providence. The City also claims the statute of limitations has run on some of the Counts against the City. But because the Court is otherwise granting the City's motion, there is no need to address these issues.

"To prevail . . . against a municipality under 42 U.S.C. § 1983, plaintiffs must prove that they suffered a violation of a constitutional right as a result of a 'policy or custom" of the municipality.'" *Baez v. Town of Brookline, Massachusetts*, 44 F.4th 79, 82 (1st Cir. 2022) (citing *Monell*, 436 U.S. at 694). In Counts 1, 2, and 3, the Plaintiff does not allege that the City's actions were based on a policy or custom. Thus, the Court dismisses the City from those Counts. In Count 4, the Plaintiff does make assertions about the City's policies and customs, but they are bald assertions unsupported by any plausible facts, and therefore they must be disregarded. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."). Simply reciting the legal elements of the claim is not sufficient.

Thus, the Court GRANTS the City's Motion to Dismiss, ECF No. 10, and the City of Providence (Providence Police Department) is no longer a defendant in this case.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief United States District Judge

January 26, 2023